

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JENNIFER L. MEERS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-696-A |
| | § | |
| JODY UPTON, WARDEN, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the petition of Jennifer L. Meers for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court, having considered the petition, the response of Jody Upton, Warden, the record, and applicable authorities, finds that the application should be denied.

Petitioner seeks habeas relief based on a dispute with the Bureau of Prisons as to the amount of time that should be credited to her federal sentence. Doc. 1 at 9. Because she has not exhausted administrative remedies with regard to this dispute, this court may not consider the merits of her petition.

A prisoner seeking habeas relief pursuant to § 2241 must exhaust all administrative remedies that might provide appropriate relief. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). The Bureau of Prisons has established a three-tiered

Administrative Remedy Program ("the Program") governing formal review of inmate complaints relating to any aspect of imprisonment. 28 C.F.R. §§ 542.10 et seq. A prisoner must pursue the procedures set forth in the Program prior to seeking relief in district court. See Rourke, 11 F.3d at 49.

These procedures, in turn, generally require the prisoner first to attempt informal resolution through a complaint to Bureau of Prisons staff; if not satisfied with the result, he or she must file a formal written complaint to the Warden, then pursue an administrative appeal to the appropriate Bureau of Prisons Regional Director. 28 C.F.R. §§ 542.10 et seq. The final appeal is to the Bureau of Prisons's Office of General Counsel, "within 30 calendar days of the date that the Regional Director signed the response." Id. at 542.15(a).

To be excused from the exhaustion requirement, petitioner must demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. See Fuller, 11 F.3d at 62. Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. Id.

Petitioner and respondent dispute whether petitioner sought administrative remedies at the first level of review. Compare Doc. 1 at 3 & 11 and Doc 11 at 5. Petitioner does not contend that she sought administrative remedies with respondent, the Bureau of Prisons regional director, or the Bureau of Prisons Office of General Counsel. In addition, petitioner has not argued that the type of extraordinary circumstances needed to justify her failure to exhaust administrative remedies exist, thus warranting dismissal on that basis. Fuller, 11 F.3d at 62.

For the reasons discussed herein,

The court ORDERS that the writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Jennifer L. Meers, be, and is hereby, dismissed without prejudice for failure to exhaust administrative remedies.

SIGNED September 8, 2016.

_____
JOHN McBRYDE
United States District Judge